JOHNSON WASHBURN

Plaintiff-Appellee

vs.

NED McKENSLEY

Defendant-Appellant

Decided on January 17, 1977

Damon Weems, Farmington, New Mexico, for Plaintiff-Appellee

Thomas J. Hynes, Farmington, New Mexico, for Defendant-Appellant

Before KIRK, Chief Justice, BECENTI and LYNCH, Associate Justices

KIRK, Chief Justice

This is an appeal from contempt order issued by the Trial Court of the Judicial District of Shiprock, finding the appellant Ned McKensley in Contempt of an order issued by the same Trial Court on October 15, 1974.

Having heard oral arguments on behalf of both parties on December 17, 1976, this court has determined that the facts are as follows:

1. A sublease agreement, orally made, between the appellant

and appellee came into being in the spring of 1970, dividing the use of Tract 130, Hogback Irrigation Project.

2.    In the spring of 1973, the appellant demanded that the appellee reduce this oral agreement to a written one.  The appellee refused to do this.

3.    The appellee continued to use the land which was the subject of the original oral agreement into the fall of 1974.

4.    The dispute between the appellant and the appellee came into the Trial Court at Shiprock when the appellee filed suit on September 20, 1974, for a restraining order on appellant to prevent the appellant from interfering with appellee's sale of crops harvested from appellee's share of Tract 130.

The Trial Court finally determined on October 15, 1974, that the appellee and appellant had entered into an oral sublease for the use by appellee of 56 acres of the 102 acres of Tract 130, which appellant had secured by valid permit from the appropriate authorities.

The court below issued a permanent restraining order on appellant, ordering him not to interfere with appellee's continued enjoyment of the 56 acres at issue.  Appellant subsequently filed a motion for a new trial, which was denied, and on February 20, 1975, appellant's time for proper appeal on this order lapsed.

5.    In the meantime, the appellee had filed a petition with the Resources Committee for a permit for the use of the land which was the subject of the dispute that was litigated in the Trial Court and decided on October 15, 1974.  This application for a permit, the effect of which would have been to divided Tract 130 into two parts, was pursued through the proper administrative channels and was finally resolved by the Board of Indian Appeals in its decision of October 24, 1975.  The Board ruled that appellant was entitled to continue to possess his permit to Tract 130.

6.    The appellant ignored that Trial Court's order of October 15, 1974, from the date of its issuance through the date of the Court of Appeals' decision.

7.    Pursuant to a motion by appellee, the Trial Court held a contempt hearing on June 2, 1976, and found appellant is contempt of the order of October 15, 1974.

8.    On June 23, 1976, the appellant filed the appeal which is the subject of this decision.

The Court of Appeals finds that the issues presented by this appeal are the following:

1.    Did the Trial Court have jurisdiction to issue the order of October 15, 1974?

2.    Did the appeal of the Board of Indian Appeals remove this case from the jurisdiction of the Trial Court of the Navajo Nation?

3.    Could the Trial Court find the appellant in contempt for disobeying its order of October 15, 1974, after the Board of Indian Appeals had rendered its decision?

4.    What is the present status of the parties to this appeal?

First, it is our finding that the court below did have the necessary jurisdiction to issue its order of October 15, 1974. Both parties were subject to the court's jurisdiction and the issue in dispute before the court was whether an oral contract, in the nature of sublease, existed between the parties. Title 7 of the Navajo Tribal Code, § 133 and 134 clearly confer the requisite personal and subject matter jurisdiction. The Court of Appeals is not aware of any federal statute or regulation to the contrary.

Second, the Court of Appeals finds that the appeal to the Board of Indian Appeals by Mr. McKensley did not divest the Trial Court of its jurisdiction in the first instance, nor did such appeal divest the Trial Court of continuing jurisidiction. The appeal to the Board was on the underlying permit and not on the issue of the sublease between the parties, which was the subject of the case before to the permit for the entire 102 acres of Tract 130. His entitlement to this permit was never an issue before any court of the Navajo Nation.

Conversely, the adjudication of the Board of Indian Appeals in no way determined the issue of a sublease between the parties. The Board

-116-

of Indian Appeals could not, and did not, sit as an appellate court reviewing the decision of the Trial Court of the Navajo Nation.

The issues before this Court now were confused by Mr. Washburn's application to the Resources Committee and the Bureau of Indian Affairs for a separate permit for the 56 acres which he had subleased from Mr. McKensley.

Third, it is our finding that the Trial Court could properly find the appellant in contempt, as it did on June 2, 1976. The appellant now before us chose not to appeal the Trial Court's decision of October 15, 1974; instead, he ignored that decision, perhaps as a result of the confusion created by appellee when he petitioned the Resources Committee for a separate permit. Nevertheless, appellant was not free to disregard the Trial Court's order. If he thought that the order was defective, he should have appealed that order within the prescribed time.

Granting for the sake of argument that the Trial Court had been lacking jurisdiction to issue the original order, it still does not follow that appellant could disregard that order, even while pursuing other appropriate remedies. In fact, appellant did not pursue the appropriate remedy, which was to appeal to this Court. Therefore, the Trial Court had no choice but to find him in contempt.

Fourth, it is the finding of the Court of Appeals that the oral sublease no longer exists and that the appellant is entitled to sole

occupancy of the entire acreage of Tract 130 of the Hogback Irrigation Project. It is not clear from the findings of the Trial Court whether the sublease was for a three-year period or for an indefinite period, commencing in the spring of 1970. In either case, the lease is now terminated. If the sublease was for a period of three years, it terminated in the spring of 1973, or as soon thereafter as the crops already planted by Mr. Washburn could be harvested. If the sublease was for an indefinite period, it was terminated when Mr. McKensley asked Mr. Washburn for a written lease and Mr. Washburn refused this offer to continue the sublease on this basis. It is on this point that the Trial Court erred in its original order, and it is from this point that the confusion has arisen.

IT IS THEREFORE HEREBY ORDERED THAT:

1. The appellant pay within thirty (30) days of the date of this order to the Trial Court for the Judicial District of Shiprock the sum of one hundred eighty dollars ($180.00) for being in contempt of its order of October 15, 1974.

2. The appellee vacate within thirty (30) days of the date of this order any portion of Tract 130, Hogback Irrigation Project, that he currently occupies.

3. The appellant pay appellee's reasonable attorney's fees within thirty (30) days of the Chief Justice's certification to appellant's attorney of the amount of such award.

Appellee's attorney shall submit to the Chief Justice within 15 days of the date of this order a time sheet for the fees occasioned by this appeal. The Chief Justice shall then certify to the appellant an award of appellee's attorney's fees based upon such time sheet but within the discretion of the Chief Justice as to the final amount. Appellant shall then pay such sum directly to appellee's attorney, who shall then by certified mail notify the Clerk of the Court of Appeals within ten days of the receipt of such payment.

4. Neither party to this appeal shall file any further lawsuit concerning the use of the disputed land between October 15, 1974, and the date of this order, both parties being

in pari delicto as to the confused status of the land between those dates.

BECENTI, Associate Justice, and LYNCH, Associate Justice, conur.